UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLOZIK HOLDINGS LLC,

    Plaintiff,

v.                                Case No.:  2:24-cv-963-SPC-NPM

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Amended Motion for Reconsideration. (Doc. 49). Plaintiff Glozik Holdings LLC responded in opposition. (Doc. 55). For the below reasons, the Court denies the motion.

This case concerns insurance coverage for alleged property damage caused by Hurricane Ian. On October 17, 2025, Defendant filed its Motion for Summary Judgment. (Doc. 36). Plaintiff failed to respond. On November 12, 2025, the Court issued an Order to Show Cause to respond by November 19, 2025. (Doc. 40). The Court cautioned Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this action without further notice." (*Id.* (citing M.D. Fla. L.R. 3.10)). Plaintiff failed to comply, so the Court

dismissed this case without prejudice.[1] (Doc. 42). Now, Defendant moves for reconsideration under Federal Rule of Civil Procedure 59(e). Defendant is satisfied with dismissal but would like it to be *with* prejudice.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *See Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up and citation omitted).

Defendant argues that the Court's Order "creates a manifest injustice" by forcing it to potentially defend "a second, duplicative lawsuit by Plaintiff." (Doc. 49 at 5). So Defendant asks the Court to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b), citing Plaintiff's delays in this case.[2] The Court declines to grant Defendant's request.

"Dismissal with prejudice for failure to prosecute is a 'sanction . . . to be utilized only in extreme situations' and requires that a court '(1) conclude a clear record of delay or willful contempt exists; and (2) make an implicit or explicit finding that lesser sanctions would not suffice.'" *Rothschild v. Aetna*

---

[1] A district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).

[2] Plaintiff failed to comply with several discovery deadlines in this case; for example, Plaintiff provided its automatic discovery responses more than two months past the applicable deadline. (Doc. 49 at 3).

*Health Inc.*, No. 2:24-CV-1099-SPC-KCD, 2025 WL 217522, at *2 (M.D. Fla. Jan. 16, 2025) (quoting *Thomas v. Montgomery Cnty. Bd. of Educ.*, 170 F. App'x 623, 625–26 (11th Cir. 2006)). The Court finds the present circumstances do not clear this high hurdle.

Defendant's argument for dismissal with prejudice is unpersuasive. The principal case it relies on, *Coates v. Lyft, Inc.*, No. 24-11141, 2025 WL 1683207 (11th Cir. June 16, 2025), affirmed a dismissal with prejudice under Rule 41(b).[3] The plaintiff in *Coates* "deliberately refused to comply with multiple court orders" after receiving clear direction. *Id.* at *3 (quotation omitted). And *Coates* found "no indication" that the plaintiff would "comply in the future" with court orders. *Id.* (quotation omitted).

*Coates* is distinguishable, because the facts in *Coates* are absent here. Plaintiff's failure to comply with deadlines is apparent. That said, there is no record of Plaintiff deliberately defying multiple orders from the Court. Nor is there a record of continuous delay, given Plaintiff's timely responses to Defendant's most recent motions. (Docs. 39, 55). So "on balance, this is not the type of extreme situation warranting dismissal with prejudice."[4] *Rothschild*, 2025 WL 217522, at *2 (internal quotation marks omitted).

---

[3] *Coates* declined to consider whether the district court's dismissal with prejudice for failure *to prosecute* "was . . . justified." *Coates,* 2025 WL 1683207, at *3. The affirmance in *Coates* was based on the district court's dismissal for failure *to comply with discovery orders. See id.*
[4] The rest of the cases Defendant relies on are from outside the Eleventh Circuit and are distinguishable for similar reasons.

Defendant provides no authority showing that relitigating this case would constitute a manifest injustice justifying reconsideration. In fact, the context of Rule 41(a)(2) contradicts this argument. *See, e.g., Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (noting "the mere prospect of a subsequent lawsuit" does not prejudice defendants when granting a voluntary dismissal under Rule 41(a)(2) (emphasis and quotation omitted)). The Court finds that possible future litigation is not a basis for dismissal with prejudice under Rule 41(b) in this case. In sum, Defendant fails to show that reconsideration under Rule 59 is warranted.

Accordingly, it is now

**ORDERED:**

Defendant's Amended Motion for Reconsideration (Doc. 49) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4